## STATE v. CLARENCE PUGH.

### (Filed 23 November, 1960.)

APPEAL by defendant from *Burgwyn, E. J.,* at May-June 1960 Term, of LEE.

Criminal prosecution upon a bill of indictment charging defendant Clarence Pugh with murder in the first degree of one Charles Otis Nodine.

Plea: Not guilty.

Upon former trial, upon evidence offered by the State, the jury returned a verdict of guilty of the felony and murder in the manner and form as charged in the bill of indictment, pursuant to which the court pronounced judgment of death by inhalation of lethal gas as provided by law. And on appeal to this Court the opinion recites that considering the evidence offered by the State in the light most favorable to the State, it appears sufficient to withstand motion for judgment as of nonsuit, — to the denial of which defendant excepted. However error in the trial was declared and a new trial granted. See *S. v. Pugh,* 250 N.C. 278, 108 S.E. 2d 649.

Pursuant thereto, in due course, the case came on for hearing at the May-June 1960 Term, and again upon arraignment defendant pleaded not guilty. And upon re-trial both the State and defendant offered evidence on which the case was submitted to the jury under the charge of the court. The jury returned a verdict of guilty of the felony and murder in the first degree, and recommended life

imprisonment thereon. In accordance therewith the trial judge ordered and adjudged "that defendant Clarence Pugh be, and he is hereby sentenced to State's Prison for and during the term of his natural life," and ordered that he be forthwith conveyed to the State Penitentiary at Raleigh, North Carolina, and delivered to the warden of the State Penitentiary.

Defendant Clarence Pugh excepted thereto and prayed an appeal, and appeals *in forma pauperis* to the Supreme Court of North Carolina, and assigns error.

*Attorney General Bruton, H. Horton Rountree, Assistant Attorney General for the State.*

*Clawson L. Williams, Jr., S. Ray Byerly for defendant, appellant.*

PER CURIAM. The evidence shown in the record of the case on appeal here presented, taken in the light most favorable to the State, is sufficient to make out a case for consideration by the jury on the charge of which defendant Clarence Pugh stands convicted, and to support the verdict of the jury as hereinabove set forth. Indeed, careful consideration of the several exceptions assigned for error fails to reveal error of such prejudicial nature that the judgment below should be disturbed. Rather, it should be and it is affirmed.

Hence in the judgment there is

No error.